IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br>  v.<br><br>JACQUEEN GANDY,<br><br>            Defendant.<br>                                          / | No. CR 03-00025 SI<br>(Civil No. 04-4982 SI)<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION** |

On February 23, 2004, defendant Jacqueen Gandy filed a motion for habeas relief under 28 U.S.C. § 2255, which may be brought to challenge a sentence that is subject to collateral attack. See 28 U.S.C. § 2255. In response to a June 15, 2004 order to show cause, plaintiff acknowledged its inadvertent failure to respond to defendant's § 2255 motion and proposed to file an opposition no later than July 9, 2004. Plaintiff filed its opposition on July 9, 2004.

Defendant subsequently wrote a letter to the Court seeking an extension for her reply in light of the fact that plaintiff failed to comply with the original briefing schedule in filing its opposition. Defendant's letter attached a document entitled "MOTION TO ALLOW SUPPLEMENTAL BRIEFING IN RESPONSE TO BLAKELY V. WASHINGTON." Defendant's letter is dated August 19, 2004. Inexplicably, the letter was not filed with the Court until October 4, 2004.

On September 14, 2004, in the interim between the date of defendant's letter and the date of the letter's filing, the Court entered an order denying defendant's February 23, 2004 motion for relief under § 2255.

Following defendant's letter filed on October 4, 2004, defendant wrote another letter to the Court. This second letter, filed November 23, 2004, attached the same motion for supplemental briefing attached to

the first letter. The Court characterized this November 23, 2004 filing as a § 2255 motion, which it now considers.

Admittedly, the events leading up to the present motion have been somewhat confusing. Defendant's first § 2255 motion was denied without the benefit of a reply brief. It appears defendant intended to include as a basis for her reply brief the argument laid out in the motion attached to her letters filed on October 4 and November 23.[1] Instead, the Court has characterized the attachment as a new motion for relief under § 2255. Normally, such a characterization carries adverse effects for petitioners given the limitations on § 2255 motions established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). One such limitation is the one-year period of limitation on the filing of § 2255 motions. See 28 U.S.C. § 2255. Plaintiff argues that, because defendant's conviction became final no later than 10 days after July 1, 2003, defendant's November 23, 2004 motion is time-barred. Yet if this filing is considered a reply brief to the February 23, 2004 motion, defendant would not be subject to this limitation because the February filing date would be operative. However, regardless of whether the argument set forth in the attachment to the letters filed on October 4, 2004 and November 23, 2004 was made as a reply in support of the February 23, 2004 motion or as a new § 2255 motion, defendant's argument fails on the merits.

Defendant's new claim is that, in light of Blakely v. Washington, 124 S. Ct. 2531 (2004),[2] her sentence was unconstitutional. A new rule of constitutional law does not apply retroactively to cases on collateral review unless the Supreme Court holds it to be retroactive. Tyler v. Cain, 533 U.S. 656, 663 (2001). The Ninth Circuit has determined that Blakely does not apply retroactively to cases on collateral review. Cook v. U.S., 386 F.3d 949, 950 (9th Cir. 2004) (denying petitioner's application for authorization to file a successive § 2255 motion); see also Carmona v. U.S., 390 F.3d 200 (2d Cir. 2004); Simpson v. U.S., 376 F.3d 679 (7th Cir. 2004); Leonard v. U.S., 383 F.3d 1146 (10th Cir. 2004). In U.S. v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the new law applies to cases on direct review. Id. at 769. The Ninth Circuit has held that Blakely announced a new constitutional rule of criminal procedure which does not apply retroactively

---

[1] The last line of the attached motion reads as follows: "For all these reasons, the Defendant, Jaqueen Gandy respectfully request (sic) the court to allow the addendum to her § 2255 in response to Blakely."

[2] Defendant makes references to "Appendic (sic), Jones and Montgomery."

2

on habeas review. Schardt v. Payne, No. 02-36164, slip op. 7963, 7987 (9th Cir. July 8, 2005); to the same effect, see Green v. U.S., 397 F.3d 101 (2d Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005). Here, defendant was sentenced on June 6, 2003 and, on June 17, 2003, the Court entered its judgment and commitment order. Defendant did not appeal her conviction and has lost her opportunity to do so. Therefore, regardless of how defendant's November 23, 2004 filing was characterized, defendant's new claim in light of Blakely fails.

Accordingly, the Court DENIES defendant's November 23, 2004 motion for relief under § 2255.

**IT IS SO ORDERED.**

Dated: August 9, 2005

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br>  v.<br><br>JACQUEEN GANDY,<br><br>        Defendant.<br>                                      / | No. CR 03-00025 SI<br>(Civil No. 04-4982 SI)<br><br>**ORDER DENYING DEFENDANT'S § 2255 MOTION** |

On February 23, 2004, defendant Jacqueen Gandy filed a motion for habeas relief under 28 U.S.C. § 2255, which may be brought to challenge a sentence that is subject to collateral attack. See 28 U.S.C. § 2255. In response to a June 15, 2004 order to show cause, plaintiff acknowledged its inadvertent failure to respond to defendant's § 2255 motion and proposed to file an opposition no later than July 9, 2004. Plaintiff filed its opposition on July 9, 2004.

Defendant subsequently wrote a letter to the Court seeking an extension for her reply in light of the fact that plaintiff failed to comply with the original briefing schedule in filing its opposition. Defendant's letter attached a document entitled "MOTION TO ALLOW SUPPLEMENTAL BRIEFING IN RESPONSE TO BLAKELY V. WASHINGTON." Defendant's letter is dated August 19, 2004. Inexplicably, the letter was not filed with the Court until October 4, 2004.

On September 14, 2004, in the interim between the date of defendant's letter and the date of the letter's filing, the Court entered an order denying defendant's February 23, 2004 motion for relief under § 2255.

Following defendant's letter filed on October 4, 2004, defendant wrote another letter to the Court. This second letter, filed November 23, 2004, attached the same motion for supplemental briefing attached to

the first letter. The Court characterized this November 23, 2004 filing as a § 2255 motion, which it now considers.

Admittedly, the events leading up to the present motion have been somewhat confusing. Defendant's first § 2255 motion was denied without the benefit of a reply brief. It appears defendant intended to include as a basis for her reply brief the argument laid out in the motion attached to her letters filed on October 4 and November 23.[1] Instead, the Court has characterized the attachment as a new motion for relief under § 2255. Normally, such a characterization carries adverse effects for petitioners given the limitations on § 2255 motions established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). One such limitation is the one-year period of limitation on the filing of § 2255 motions. See 28 U.S.C. § 2255. Plaintiff argues that, because defendant's conviction became final no later than 10 days after July 1, 2003, defendant's November 23, 2004 motion is time-barred. Yet if this filing is considered a reply brief to the February 23, 2004 motion, defendant would not be subject to this limitation because the February filing date would be operative. However, regardless of whether the argument set forth in the attachment to the letters filed on October 4, 2004 and November 23, 2004 was made as a reply in support of the February 23, 2004 motion or as a new § 2255 motion, defendant's argument fails on the merits.

Defendant's new claim is that, in light of Blakely v. Washington, 124 S. Ct. 2531 (2004),[2] her sentence was unconstitutional. A new rule of constitutional law does not apply retroactively to cases on collateral review unless the Supreme Court holds it to be retroactive. Tyler v. Cain, 533 U.S. 656, 663 (2001). The Ninth Circuit has determined that Blakely does not apply retroactively to cases on collateral review. Cook v. U.S., 386 F.3d 949, 950 (9th Cir. 2004) (denying petitioner's application for authorization to file a successive § 2255 motion); see also Carmona v. U.S., 390 F.3d 200 (2d Cir. 2004); Simpson v. U.S., 376 F.3d 679 (7th Cir. 2004); Leonard v. U.S., 383 F.3d 1146 (10th Cir. 2004). In U.S. v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the new law applies to cases on direct review. Id. at 769. The Ninth Circuit has held that Blakely announced a new constitutional rule of criminal procedure which does not apply retroactively

---

[1] The last line of the attached motion reads as follows: "For all these reasons, the Defendant, Jaqueen Gandy respectfully request (sic) the court to allow the addendum to her § 2255 in response to Blakely."

[2] Defendant makes references to "Appendic (sic), Jones and Montgomery."

2

on habeas review. Schardt v. Payne, No. 02-36164, slip op. 7963, 7987 (9th Cir. July 8, 2005); to the same effect, see Green v. U.S., 397 F.3d 101 (2d Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005); In re Anderson, 396 F.3d 1336 (11th Cir. 2005).  Here, defendant was sentenced on June 6, 2003 and, on June 17, 2003, the Court entered its judgment and commitment order.  Defendant did not appeal her conviction and has lost her opportunity to do so.  Therefore, regardless of how defendant's November 23, 2004 filing was characterized, defendant's new claim in light of Blakely fails.

Accordingly, the Court DENIES defendant's November 23, 2004 motion for relief under § 2255.

**IT IS SO ORDERED.**

Dated: August 9, 2005

SUSAN ILLSTON
United States District Judge